**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ED MASSERY,<br><br>Plaintiff,<br><br>v.<br><br>MCKIM AND CREED, INC.,<br><br>Defendant. | Civil Action No.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## COMPLAINT

Plaintiff, Ed Massery ("Plaintiff"), through his undersigned counsel, hereby files this Complaint against Defendant McKim and Creed, Inc. ("Defendant") and states as follows:

## PARTIES

1. Plaintiff is Ed Massery, an adult resident of Allegheny County, Pennsylvania, and the owner of the copyrights at issue in this lawsuit.

2. Defendant is McKim and Creed, Inc., a North Carolina corporation registered to do business in Pennsylvania, with offices in Pittsburgh and Sewickley, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court may exercise personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(h), (e) and (k). By registering to do business in Pennsylvania, Defendant consented to jurisdiction. "Pennsylvania law is explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as

they can over domestic corporations. 42 Pa. Cons. Stat. § 5301(a)(2)(i)." Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 134, 143 S.Ct. 2028, 2037, 216 L.Ed.2d 815 (2023).

5. Personal jurisdiction is also appropriate pursuant to 42 Pa.C.S.A. § 5322(a)(1), (3) and (4) because Defendant transacts business from its offices in Pittsburgh and Sewickley, Pennsylvania, has caused harm to Plaintiff by Defendant's actions in Allegheny County, Pennsylvania, and the harm was inflicted upon Ed Massery, a resident of Allegheny County, Pennsylvania.

6. The copyrighted photographs at issue were created in Allegheny County, Pennsylvania, by Ed Massery.

7. The copyrighted photographs at issue depict buildings and locations in Allegheny County, Pennsylvania.

8. The copyrighted photographs as identified below were placed on Defendant's website as samples of, to boast of their capabilities in, and to derive revenue from, engineering and/or design projects in Allegheny County, Pennsylvania.

9. Venue is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## FACTS COMMON TO ALL COUNTS

10. Ed Massery ("Massery") is an accomplished architectural photographer based in Pittsburgh, Pennsylvania.

11. Massery has approximately three decades of experience as a professional photographer.

12. Massery is known for his mastery of natural light and his embrace of logistical challenges.

13. Massery has a deep appreciation for the complexity of the built environment and

how buildings interact with their surrounding environment to define the character of a place.

14. Massery utilizes digital technologies in a meticulous process, valuing precision and detail in his craft.

15. Through a complex application of layering, he depicts not only the existing structure of his subject matter, but also shows the potential of what that structure can be, conveying a sense of place, depth and visual impact.

16. Thus, Massery's images, and particularly the infringed works at issue herein, are not simply the result of "point and shoot" photography, but rather the product of considerable skill, artistic experience, skillful timing, framing, positioning, and an intensive and artistic editing process.

17. In short, the infringed works herein are the result of much more than a "modicum of creativity." Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 111 S.Ct. 1282, 1288, 113 L.Ed.2d 358 (1991).

**The Hampton Medical Building Photographs**
**VAu 1-290-117**

18. Massery created the photographs attached hereto as Exhibit 1 through hard work, skill, and expertise.

19. The photographs attached hereto as Exhibit 1 were created through combining elements of several photographs and lighting conditions to create the expression Massery desired.

20. The photographs attached hereto as Exhibit 1 depict the exterior and interior of a medical outpatient center and physician offices located in Hampton Township, Allegheny County, Pennsylvania.

21. Massery has never granted Defendant permission the right to use, reproduce or display the photographs in Exhibit 1.

22. The photographs depicted as Exhibit 1 were registered with the United States Copyright Office with an effective date of Registration of September 19, 2017, and given Registration No. VAu 1-290-117.

23. A copy of the Certificate of Registration for VAu 1-290-117 is attached hereto as Exhibit 2.

**The Strip District Produce Terminal Photographs**
**VAu 1-419-722**

24. Massery created the photographs attached hereto as Exhibit 3 through hard work, skill, and expertise.

25. The photographs attached hereto as Exhibit 3 were created through combining elements of several photographs and lighting conditions to create the expression Massery desired.

26. The photographs attached hereto as Exhibit 3 depict the redeveloped former produce terminal located in the Strip District of Pittsburgh, Pennsylvania.

27. Massery has never granted Defendant permission the right to use, reproduce or display the photographs in Exhibit 3.

28. The photographs depicted as Exhibit 3 were registered with the United States Copyright Office with an effective date of Registration of January 20, 2021 and given Registration No. VAu 1-419-722.

29. A copy of the Certificate of Registration for VAu 1-419-722 is attached hereto as Exhibit 4.

**Vau-1-564-941**

30. Massery created the photographs attached hereto as Exhibit 5 through hard work, skill, and expertise.

31. The photographs attached hereto as Exhibit 5 were created through combining

elements of several photographs and lighting conditions to create the expression Massery desired.

32. The photographs attached hereto as Exhibit 5 depict the redeveloped former produce terminal located in the Strip District of Pittsburgh, Pennsylvania with people in the forefront.

33. Massery has never granted Defendant permission the right to use, reproduce or display the photographs in Exhibit 5.

34. The photographs depicted as Exhibit 5 were registered with the United States Copyright Office with an effective date of Registration of August 12, 2025 and given Registration No. VAu 1-564-941.

35. A copy of the Certificate of Registration for VAu 1-564-941 is attached hereto as Exhibit 6.

**Massery's Discovery of Infringing Works**

36. On or about the first week of September, 2024, Massery, through a conversation with Parker Golden of McKim and Creed, heard that McKim and Creed may have used some of his photographs on the McKim and Creed website.

37. Parker Golden identifies himself as a "creative professional serving the Architecture, Engineering, and Construction (AEC) industry with digital and interactive marketing solutions, commercial/brand photography, and video production." Thus, Parker Golden, as a fellow creative, should appreciate and respect the importance of intellectual property.

38. Upon investigation, Massery discovered that the McKim and Creed website was indeed displaying Massery's registered works covered by registrations VAu 1-290-117, VAu-1-419-722 and VAu 1-564-941 as set forth above.

39. On March 17, 2025, Massery captured screenshots of the infringing images on the

McKim and Creed website.

40. Exhibit 7 is a collection of screenshots showing the infringing copies of the photographs in Exhibit 1.

41. Exhibit 8 is a collection of screenshots showing the infringing copies of the photographs in Exhibit 3.

42. Exhibit 9 is a collection of screenshots showing the infringing copies of the photographs in Exhibit 5.

43. Despite Massery's conversation with Golden, Defendant continued to copy, reproduce and display Massery's copyrighted works as described above on the website.

44. Thus, McKim and Creed's infringement of Massery's copyright protected works is willful and intentional.

**COUNT I**
**COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 501(a) *et seq.***
**Copyright Registration No. VAu 1-290-117**

45. The above paragraphs are incorporated by reference.

46. Massery is the exclusive author and owner of the copyrighted works contained in Exhibit 1 and registered with the United States Copyright Office at Registration No. VAu 1-290-117.

47. Defendant has actual notice of Massery's exclusive rights in and to the works set forth in Exhibit 1.

48. Defendant did not, and does not, have Massery's consent, permission, or license to use, reproduce, copy, distribute, sell, prepare derivative works from, or display Massery's copyrighted works.

49. Nevertheless, Defendant has copied, displayed, used, and distributed Massery's

copyrighted works.

50. Defendant's actions have caused actual damages to Massery and have unjustly enriched Defendant at Massery's expense.

51. The works displayed on Defendant's website are identical to Massery's copyrighted works.

52. Defendant's actions violate 17 U.S.C. § 501(a).

53. Plaintiff is entitled to injunctive relief, actual damages and Defendant's profits in an amount to be proven at trial, or statutory damages, including for willful copyright infringement, and reasonable attorneys' fees and costs.

**COUNT II**
**COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 501(a) *et seq.***
**Copyright Registration No. VAu 1-419-722**

54. The above paragraphs are incorporated by reference.

55. Massery is the exclusive author and owner of the copyrighted works contained in Exhibit 3 and registered with the United States Copyright Office at Registration No. VAu 1-419-722.

56. Defendant has actual notice of Massery's exclusive rights in and to the works set forth in Exhibit 3.

57. Defendant did not, and does not, have Massery's consent, permission, or license to use, reproduce, copy, distribute, sell, prepare derivative works from, or display Massery's copyrighted works.

58. Nevertheless, Defendant has copied, displayed, used, and distributed Massery's copyrighted works.

59. Defendant's actions have caused actual damages to Massery and have unjustly

enriched Defendant at Massery's expense.

60. The works displayed on Defendant's website are identical to Massery's copyrighted works.

61. Defendant's actions violate 17 U.S.C. § 501(a).

62. Plaintiff is entitled to injunctive relief, actual damages and Defendant's profits in an amount to be proven at trial, or statutory damages, including for willful copyright infringement, and reasonable attorneys' fees and costs.

**COUNT III**
**COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. 501(a) *et seq.***
**Copyright Registration No. VAu 1-564-941**

63. The above paragraphs are incorporated by reference.

64. Massery is the exclusive author and owner of the copyrighted works contained in Exhibit 5 and registered with the United States Copyright Office at Registration No. VAu VAu 1-564-941.

65. Defendant has actual notice of Massery's exclusive rights in and to the works set forth in Exhibit 5.

66. Defendant did not, and does not, have Massery's consent, permission, or license to use, reproduce, copy, distribute, sell, prepare derivative works from, or display Massery's copyrighted works.

67. Nevertheless, Defendant has copied, displayed, used, and distributed Massery's copyrighted works.

68. Defendant's actions have caused actual damages to Massery and have unjustly enriched Defendant at Massery's expense.

69. The works displayed on Defendant's website are identical to Massery's copyrighted

works.

70. Defendant's actions violate 17 U.S.C. § 501(a).

71. Plaintiff is entitled to injunctive relief, actual damages and Defendant's profits in an amount to be proven at trial.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ed Massery requests that the Court enter Judgment in his favor on all Counts as follows:

a. Entry of a permanent injunction requiring Defendant to remove the Copyrighted Works from its website and cease using, copying, and/or displaying the Copyrighted Works;

b. an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Plaintiff's Work under § 501(a);

c. alternatively, statutory damages of up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement;

d. attorneys' fees and reasonable costs pursuant to 17 U.S.C. § 505.

e. Pre and post-judgment interest in amounts to be determined; and

f. Such and further relief as the Court deems appropriate.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: September 10, 2026

By: */s/ Christopher S. Channel*

Heather S. Heidelbaugh PA ID No: 49989
Christopher S. Channel PA ID No: 89218
525 William Penn Place, 28th Floor
Pittsburgh, PA 15222
Telephone: 412-261-1600
hheidelbaugh@leechtishman.com
cchannel@leechtishman.com
*Counsel for Plaintiff*